UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 21-cr-00451-CJN |
| | ) | |
| SUZANNE IANNI, | ) | |
| Defendant. | ) | |
| | ) | |

## SENTENCING MEMORANDUM – SUZANNE IANNI

    Suzanne Ianni is devoted to her family, her community, and her country. She was raised to have an abiding respect for law enforcement, and has had no prior contacts with the criminal court system. Her compliance with community supervision for nearly two years while this case has remained pending reflects the law-abiding lifestyle to which she has returned and will maintain.

    Ms. Ianni requests that the court impose a sentence of 1 year of probation, 40 hours of community service, and $500 restitution. This sentence is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing detailed in 18 U.S.C. §3553(a) in consideration of her conduct in the charged offense, her personal history, and the systemic goals of imposition of a permitted and just sentence.

## Argument

    A variety of factors to be considered in imposing a sentence are described in 18 U.S.C. § 3553(a). The sentence proposed by Ms. Ianni honors this statutory guidance. It contemplates her complete lack of criminal history, her lifelong commitment to her community, her conduct relative to others who have been charged and sentenced, and her record of compliance with pretrial conditions of release.

1. **The Nature of the Offense**

On January 6, 2021, Ms. Ianni traveled to Washington DC to participate in a political rally. Ultimately, she was swept up as the protest activity went too far. She was part of a crowd that entered the Capitol Building through a door that others had pushed open. Ms. Ianni did not engage in violence or destroy property, nor did she urge others to do so. She did not bring weapons or tactical gear. She did not enter offices or meeting areas. She walked the halls for a short period of time, and left when directed to do so by police officers. For this conduct, she has accepted responsibility and entered a guilty plea to Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).

2. **Ms. Ianni's Personal Circumstances**

Ms. Ianni was raised in a tight-knit family with a deep and abiding respect for law enforcement, in a home where her father and grandfather each served as state police officers, and she had three siblings close in age. (PSR ¶¶35-36). As an adult, these values persisted. She has no history of interactions with the criminal court system. (PSR ¶¶ 27-31). Although she left her home state to attend college in Massachusetts and then settled and married there not long after graduation, she maintains close connections with her siblings.

After the birth of her second child, Ms. Ianni left a career in electrical engineering to focus her energy on raising her family, which grew to include a son and two daughters. (PSR ¶¶ 55, 39). In the decades that followed, she worked at a part-time as a realtor, but spent the majority of her time supporting her children, caring for them, getting involved in their extracurricular activities, and developing a reputation for having a home that was a sanctuary for her children's friends during times of need. (PSR ¶ 53). When her children left the house, she welcomed her niece and nephew for periods of time when they had educational opportunities in Boston.

In addition to caring for her family, Ms. Ianni became involved in her neighborhood and local politics. She advocated for improvement projects such as road maintenance and local safety measures. From March 2019 until March 2022, she served as an unpaid town official. She also has been regularly involved in volunteer work.

In the time since her offense, Ms. Ianni's life has been rattled by significant personal consequences resulting from her conduct. Her actions on January 6, 2021 have contributed to the dissolution of her marriage, loss of a position in local government, and damages to relationships with other people in her community. (PSR ¶ 38). Nevertheless, she has pressed forward, settling into a new home, volunteering, and maintaining support of a close network of friends and family. (PSR ¶ 40).

Ms. Ianni enjoys strong community and familial support. Twelve (12) friends and family members wrote supporting letters to the Court. (See Exhibit 1 – Letters of Support).

Ms. Ianni is more than her act of "misguided patriotic expression." (Letter from Father John Genz). Her friends and family know her as someone who is always there for others, "always offering help before being asked." (Letter from Sister Karen Honeker). Ms. Honeker describes the help she received from her Ms. Ianni when her husband died suddenly; Ms. Ianni "supported [her] in any way [she] needed it." Long-term acquaintances Carl and Richard Lodi write that they have known her for decades, as a neighbor and then devoted friend to their elderly mother. Even as Ms. Ianni experienced personal turmoil in this past year, she turned outward, regularly visiting her ailing friend for social calls, and taking her to medical appointments and errands. (Letter from Carl and Richard Lodi). A newer friend recalls the way that recently Ms. Ianni unhesitatingly stepped in to help an acquaintance during a time of illness. (Letter from Joan Eastman). Ms. Ianni's daughter, Cori, describes a warm home where her friends "felt comfortable coming[] and going." Cori adds that her mother welcomed in her daughter's wayward friends

when they were kicked out of their homes, saying that her mother accepted them into the home "without hesitation."

### 3. Appropriateness and Availability of Requested Sentence

The offense to which Ms. Ianni has pled guilty is a Class B misdemeanor, and is statutorily defined as a "petty offense." 18 USC §§ 19 and 3583(b)(3). Because of this, the sentencing guidelines to not apply. USSG §lBl.9. This treatment of Class B misdemeanors, essentially placing them below the guideline table, is consistent with imposition of a non-incarcerative sentence. For a person like Ms. Ianni with no criminal history, it is worth noting that even for a more serious offense (up to an offense level 8) in which the guidelines applied, a probation sentence with no period of incarceration would be appropriate. USSG §5B1.1, USSG §5A.

Outside of this incident, Suzanne Ianni has lived a life devoid of criminal behavior, and she has maintained near-perfect compliance with her conditions of release (missing a single weekly telephone check-in) in the nearly two years she has been in the community while this case remained pending. All indicators suggest that she will continue to live the crime-free lifestyle. The proposed probationary sentence will provide monitoring to ensure that she does not again get caught up in political activity that crosses the line into criminal conduct, while making it possible for her to maintain her support network of family and friends as she seeks to rebuild her life, and continue channeling her efforts into positive engagement with her community. The proposed order of restitution is consistent with previously imposed sentences in this Court. It also accounts for the fact that although Ms. Ianni did not personally engage in any destructive conduct, her role as part of the crowd contributed to the chaotic scene and the damage that ensued.

### 4. Avoiding Unwarranted Sentencing Disparities

The activities at the Capitol on January 6, 2021, led to the prosecution of an enormous number of defendants who engaged in a broad range of conduct, were

prosecuted under a variety of statutes, and had a range of criminal histories.[1] The probationary sentence proposed by Ms. Ianni is consistent with those of others recently sentenced who were similarly charged and who did not personally engage in violent and destructive conduct. See, e.g. United States v. Raechel Genco, 1:22-cr-62 (sentenced 9/27/22 to 12 months of probation, 60 hours of community service, $500 restitution after plea to 40 U.S.C. § 5104(e)(2)(D) for conduct as part of group breaking through bike rack barriers on Capitol grounds); see also United States v. Antonio Ferrigno, 1:21-cr-586 (sentenced 9/15/2022 to 12 months of probation, including two months of home confinement, $371 fine, $500 restitution, 60 hours of community service after plea to 40 U.S.C. § 5104(e)(2)(G) for more serious conduct including going into senator's office with companion who rifled through papers there), United States v. James Brooks: 1:22-cr-18 (sentenced 11/3/22 to 12 months of probation, 60 hours community service, $500 restitution after guilty plea to more serious offense of 18 U.S.C. § 1752(a)(1)).

The proposed sentence properly differs from sentences imposed on people who engaged in more destructive or serious conduct, or for whom criminal histories justified a harsher punishment. Compare, e.g. United States v. Adam Honeycutt, 1:22-cr-50 (sentenced to 90 days imprisonment and $500 restitution after guilty plea to 40 U.S.C. § 5104(e)(2)(G) for conduct that included penetrating deep into the Capitol building, entering a conference room, and breaking off a table leg), and United States v. Erik Rau, 1:22-cr-467 (sentenced to 45 days incarceration and $500 restitution after pleading guilty to 40 U.S.C. § 5104(e)(2)(D) for returning to capitol with gas masks after receiving news of breach while on probation for domestic violence case).

## CONCLUSION

Ms. Ianni is a civic-minded, educated, and decent person. She made a significant error in judgment by entering the Capitol Building. This mistake, when

---

[1] This sentencing information is drawn from the index of capitol breach cases and linked case materials maintained by the US Attorney's Office for the District of Columbia at https://www.justice.gov/usao-dc/capitol-breach-cases

balanced against her otherwise productive, loving, and meaningful life, does not square. She should suffer the consequences for such a transgression, but it must be proportional. The requested sentence – 1 year of probation, 40 hours of community service, and $500 of restitution – is just, humane, and consistent with sentences imposed against similarly situated defendants.

Respectfully submitted,<br>
SUZANNE IANNI,<br>
By her attorney,

Date:  November 28, 2022

*/s/Henry Fasoldt*
C. Henry Fasoldt (BBO# 667422)
185 Devonshire Street
Suite 302
Boston, MA 02110
henry@bostondefenselaw.com

### **CERTIFICATE OF SERVICE**

I certify that this document will be electronically sent to the registered participants as identified on Notice of Electronic Filing (NEF) on this date, November 28, 2022.

_____
Henry Fasoldt